UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON JALONY COX, | Case No. 11-CV-2615 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| DAKOTA COUNTY and JOHN or JANE DOE, | |
| Defendants. | |

Pao P. Yang, ATTORNEY AT LAW, for plaintiff.

Andrea G. White, DAKOTA COUNTY ATTORNEY'S OFFICE, for defendants.

Plaintiff Jason Cox alleges that he was falsely imprisoned in the Dakota County Jail for over a month because defendants failed to comply with a pretrial-release order. Cox brings a claim under 42 U.S.C. § 1983 against Dakota County ("the County") for violating his rights under the Fourth and Fourteenth Amendments. Cox also brings a state-law false-imprisonment claim against the County. Cox has agreed to dismiss all of his remaining claims without prejudice, including his § 1983 claim against the Doe defendant. *See* ECF No. 17 at 5, 11.

This matter is before the Court on the County's motion for summary judgment. For the reasons stated below, the Court grants the motion as to Cox's § 1983 claim against the County and declines to exercise supplemental jurisdiction over his remaining state-law claim.

I. BACKGROUND

In May 2011, Cox was being held in the Dakota County Jail pending a state criminal prosecution. On May 5, 2011, Cox appeared before Dakota County District Judge Patrice Sutherland for an omnibus hearing. Cox Aff. ¶ 3. During the hearing, Judge Sutherland issued a

verbal order that Cox was to be "released to other holds." Cox Aff. ¶ 5. Judge Sutherland also issued a written order with a handwritten notation stating "release to other holds." Cox Aff. ¶ 5 & Ex. A. A sheriff's deputy escorted Cox to and from the hearing and was present throughout the hearing, after which the deputy was handed a copy of Judge Sutherland's order. Cox Aff. ¶¶ 3, 5-6.

After Cox returned to the jail, a staff member emailed the Clerk of Court for the First Judicial District (which includes the County) asking for court-disposition documents for Cox and another detainee.[1] Karnick Aff. ¶ 3 & Ex. 5. The next day, the jail received a document entitled "In Custody Jail Notification — Status of Defendant." Karnick Aff. ¶ 4 & Ex. 6. This document is cryptic, but jail staff interpreted it to mean that Cox was to remain in custody until his next court appearance in June. Karnick Aff. ¶ 6. After appearing before another judge on June 8, 2011, Cox was released to a Hennepin County sheriff's deputy. Cox Aff. ¶ 10.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the lawsuit under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury

---

[1] The staff member avers that she sent the email because Cox returned without court-disposition documents. This contradicts Cox's assertion that a deputy brought Judge Sutherland's order back to the jail.

could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### B. Section 1983

Cox alleges that the County falsely imprisoned him in violation of his constitutional rights.[2] Cox acknowledges that the County cannot be held liable under a respondeat-superior theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, Cox seeks to hold the County liable for maintaining "a policy or practice of allowing its jail staff[] to continue incarcerating inmates based on [a] report prepared by a court clerk instead of the actual copy of the district court judge's dispositional or release order." ECF No. 17 at 6.

This policy is not facially unconstitutional, however. To hold the County liable, therefore, Cox must show that this policy exhibited deliberate indifference to his constitutional rights. *See Szabla v. City of Brooklyn Park*, 486 F.3d 385, 390 (8th Cir. 2007). "A policy is deliberately indifferent to a person's constitutional rights when its inadequacy is both obvious and likely to result in the alleged deprivation of constitutional rights." *Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005).

Cox cannot meet this standard. There is no evidence that anyone other than Cox has ever been mistakenly detained as a result of the County's policy, nor is there any evidence that the

---

[2]It should be noted that had the County obeyed Judge Sutherland's order and "release[d] Cox] to other holds," Cox would not have been set free, but instead would have been transferred to the custody of either Hennepin County or St. Louis County, both of which had "holds" on Cox. In other words, the consequence of the County's error was not Cox being imprisoned instead of being set free, but Cox being imprisoned in the Dakota County Jail instead of being imprisoned in the Hennepin County Jail or the St. Louis County Jail. It is hard to imagine what damages Cox could have suffered as a result of being imprisoned in one county jail instead of another, but the issue is irrelevant given the Court's disposition of Cox's § 1983 claim.

County's policy provides an inadequate means for jail staff to receive accurate information about the disposition of criminal defendants awaiting trial. In the absence of such evidence, there is nothing obviously inadequate about relying on jail and court staff to communicate with each other through informal channels regarding the custodial status of criminal defendants. Criminal defendants are, after all, normally represented by counsel, which provides an extra layer of protection in the event of a miscommunication. Assuming that Cox was unlawfully detained — an issue on which the Court expresses no opinion — those safeguards did not work in this case.[3] But that is not sufficient to show that the County's policy exhibits a deliberate indifference to Cox's constitutional rights. The Constitution does not require perfection from the County; it requires only that the County does not act with deliberate indifference.

The Court therefore grants defendants' motion as to Cox's § 1983 claim against the County. Because there are no remaining claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Cox's remaining state-law false-imprisonment claim. *See* 28 U.S.C. § 1367(c)(3); *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). That claim is dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 10] is GRANTED IN PART and DENIED IN PART.

---

[3] The record is not clear about why Cox's attorney — who was present when Judge Sutherland ordered that his client be released to other holds — took no action when the County failed to implement the judge's order.

2.  The motion is GRANTED as to plaintiff's claim under 42 U.S.C. § 1983 against defendant Dakota County, and that claim is DISMISSED WITH PREJUDICE AND ON THE MERITS.

3.  The motion is DENIED in all other respects.

4.  All other claims are DISMISSED WITHOUT PREJUDICE.

5.  The hearing scheduled for November 30, 2012 is CANCELED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 26, 2012                s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge